# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 50044 | **DATE** | 5/16/2013 |
| **CASE TITLE** | Simmons, et al. vs. Plucker, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, plaintiffs' motions for leave to proceed *in forma pauperis* and for appointment of counsel are denied as moot. The complaint is dismissed without prejudice. Plaintiffs are granted thirty days from the date of this order to submit an amended complaint. Failure to submit an amended pleading within this time will lead to the summary dismissal of the complaint in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT - OPINION

Pro se plaintiff Myron Simmons and his step-daughter Moesha Flowers filed this lawsuit under 42 U.S.C. § 1983 against the Rockford School District # 205 and several administration and staff members of the high school that Flowers attended. Now before the court are their motions for leave to proceed in forma pauperis and for appointment of counsel. Plaintiffs' motions are denied as moot. The complaint fails to conform to the pleading standards in the Federal Rules of Civil Procedure, and is accordingly dismissed.

A complaint must be dismissed unless it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must state its claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, separate transactions or occurrences must be identified in separate counts "[i]f doing so would promote clarity." *Id.* Each factual allegation in the complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The complaint lists a panoply of alleged wrongs done to Flowers and Simmons by Rockford School District #205 and several teachers, staff members and administrators at Flowers' high school. Much of the complaint centers on allegations that school officials unfairly targeted Flowers as a bully and that officials did not respond to Flowers' protests regarding other students' behavior. Plaintiffs also claim that a staff member did not help Flowers find her school bus on one occasion, and that gym teachers are conspiring with students to steal from gym lockers. The pleading also claims that Simmons was removed from the school premises on more than one occasion for being disruptive, and that one of Flowers' teachers lied to school administrators about Simmons invading her personal space and disrupting students in the middle of taking a test.

Plaintiffs set forth their allegations in a single, uninterrupted narrative. Before raising their factual allegations, the pleading states that defendants violated the "US Constitution, Illinois Constitution, No Child Left Behind law, Third Ku Klux Klan Act (1875), Civil Rights Act of 1875, etc." Then, under a paragraph entitled "Claim," the complaint lists "Civil Rights, Due Process and Equal Protection, 14th and 15th

**STATEMENT - OPINION**

Amendments, Inherent and Inalienable Rights, Defraud, Defamatory Communication, and Defamation Character, Due Process, Equal Protection, Inconsistence with the abuse of discretion standard, No Child Left."

Rule 10(b) "serves two purposes: (1) it gives fair notice to the defendants of the claims against them; and (2) it enables the court to grant relief on an entire count, not just part of a count." *Second Amendment Arms v. City of Chicago*, Case No. 10-cv-4257, 2012 WL 4464900, at *9 (N.D. Ill. Sept. 25, 2012) (citation omitted). "The [lode]star of Rule 10 is intelligibility, good organization, and basic coherence." *Id.* (quoting *Awalt v. Marketti*, No. 11 C6142, 2012 WL 1161500, at *10 (N.D. Ill. Apr. 9, 2012).

It is unclear from the complaint which causes of action plaintiffs seek to assert, and which factual allegations support each of those claims as to each plaintiff. Plaintiffs instead list a hodgepodge of constitutional and statutory provisions in two paragraphs, and then go on to describe in prose form various transgressions done by defendants. Plaintiffs' failure to specify which factual allegations underlie the separate claims renders the pleading unintelligible and subject to dismissal. The complaint is accordingly dismissed without prejudice.

The court also strongly cautions plaintiffs in this respect. The complaint contains an allegation that one of Flowers' teachers called Flowers "nigger." However, in open court, Simmons clarified that the teacher did not *actually* hurl the epithet at Flowers; rather, the teacher called Flowers "stupid." Simmons explained in court that he interprets "stupid" as the equivalent of the epithet. Should plaintiffs file an amended complaint, they are on notice that any further unsupported and misleading interpretations of the facts will result in the court levying sanctions pursuant to Federal Rule of Civil Procedure 11.

Finally, Simmons admitted in open court that he is not Flowers' legal guardian. He therefore cannot file a complaint on her behalf. *See Frank v. Hadesman & Frank*, 83 F.3d 158, 159 (7th Cir. 1996) (Federal Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest."). If Simmons intends to bring a claim on his own, he must allege facts to support a potential federal claim as to his own rights. *See Rawoof v. Texor Petroleum Co., Inc.*, 521 F.3d 750, 756 (7th Cir. 2008) ("Rule 17(a) . . . is a procedural rule requiring that the complaint be brought in the name of the party to whom that claim belongs or the party who according to the governing substantive law, is entitled to enforce the right.") (citations and quotation marks omitted).

Plaintiffs are granted thirty days from the date of this order to submit an amended complaint. Failure to submit an amended pleading within this time will lead to the summary dismissal of the complaint in its entirety. Plaintiffs are further cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations that plaintiffs wish the Court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits that plaintiffs want the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.